IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MIDSTATE ADVERTISING, LLC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.    ) | CIVIL CASE NO. 2:25-cv-487-ECM |
| ) | [WO] |
| ) | |
| MIDSTATE SIGNS, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

On July 2, 2025, Midstate Advertising, LLC and Potter Enterprises, LLC (collectively, the "Plaintiffs") sued Defendants Midstate Signs, LLC ("Midstate Signs"), CLL Properties, LLC ("CLL"), and Archibald M. Lee Sr. ("Lee") (collectively, the "Defendants") for breach of contract (against Midstate Signs and CLL) and breach of guaranty (against Lee). (Doc. 1 at 4, paras. 16–21).[1]  One month later, on August 2, 2025, each Defendant was served with a copy of the summons and complaint. (Docs. 7, 8, 9). The Defendants have failed to plead or otherwise defend.  Consequently, the Plaintiffs sought and obtained an entry of default against the Defendants. (Docs. 11, 12, 14).

On February 23, 2026, the Plaintiffs filed two motions for default judgment against: (1) Defendant Lee (doc 16); and (2) Defendants Midstate Signs and CLL (doc. 17).  The Plaintiffs also filed a motion for scheduling conference to discuss the pending motions for

---

[1] For clarity, the Court refers to the document and page numbers generated by CM/ECF.

default judgment. (Doc. 18).   After careful review, and for the reasons that follow, the Plaintiffs' motions (docs. 16, 17, 18) are due to be denied without prejudice.

## II.  JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.   Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III.  LEGAL STANDARDS

### A.   Motions for Default Judgment

Default may be entered when a defendant "has failed to plead or otherwise defend." FED. R. CIV. P. 55(a).  While the Eleventh Circuit has a "strong policy of determining cases on their merits" and "therefore view[s] defaults with disfavor," *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003), it is well-settled that a "district court has the authority to enter default judgment for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam).

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (per curiam) (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015)). Therefore, "the allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.*, 2009 WL 4349806, at *1

2

(M.D. Fla. Nov. 24, 2009)[2] (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)).  A complaint is "well-pleaded" when it satisfies the requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Specifically, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.  "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

A "[p]laintiff's motion for default judgment is deficient [when] it neither sets forth the elements of [the] [p]laintiff's claims with citations to legal authority, nor shows how the allegations plead in the [c]omplaint establish the elements of each claim." *Senator-Rudat v. Southard*, 2021 WL 9721150, at *2 (N.D. Ga. Dec. 13, 2021); *see Accident Ins. Co. v. DWF Installations, Inc.*, 2024 WL 3470354, at *1 (M.D. Fla. July 19, 2024); *Rigby v. Direct Gen. Ins. Co.*, 2023 WL 2894365, at *1 (M.D. Fla. Apr. 11, 2023); *Gonopolsky v. Korchak*, 2007 WL 1549429, at *2 (M.D. Fla. May 25, 2007).  "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) (quoting *Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[3]

---

[2] The Court here, and elsewhere in this Memorandum Order and Opinion, cites to nonbinding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions before October 1, 1981.

**B.      Motion for Scheduling Conference**

"[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). This broad discretion extends "over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). "This discretion is not wholly unfettered, . . . but it is and must be broad." *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).

## IV.  DISCUSSION

**A.      Motions for Default Judgment**

In support of their motions for default judgment, the Plaintiffs cursorily state: (1) the Defendants were properly served; (2) the Clerk of the Court entered default against the Defendants; (3) the Defendants are not protected from default judgment; and (4) the Plaintiffs' claims are for sums certain.[4] (Doc. 16 at 1–3; doc. 17 at 1–3). The Plaintiffs ask the Court to enter a default judgment against the Defendants "in the amount of $573,875.43 . . . plus future interest, as well as attorney[] fees and costs incurred to be determined by the Court." (Doc. 16 at 3; doc. 17 at 3).

In the motions for default judgment, the Plaintiffs fail to cite or discuss the complaint's factual allegations or elements of their causes of action. (*See* docs. 16, 17). Nor do the Plaintiffs explain how their factual allegations establish breach of contract or breach of guaranty. (*See* doc. 1 at 4, paras. 16–21). And "[i]t is [the] Plaintiff[s'] burden

---

[4] Although the Plaintiffs filed two separate motions for default judgment, their requested relief and supporting documents are essentially identical. (*Compare* docs. 16, 16-1, 16-2, *with* docs. 17, 17-1, 17-2).

to address the elements of the causes of action and the specific, well-pled facts in the operative complaint that satisfy each of those elements." *See Schatz v. Centr Brands Corp.*, 2024 WL 4728373, at *1 (M.D. Fla. Oct. 28, 2024).

While it is true that a "defaulted defendant is deemed to 'admit[] the plaintiff's well-pleaded allegations of fact,' he 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration in original) (quoting *Nishimatsu Constr.*, 515 F.2d at 1206). Contrary to the Plaintiffs' assertion, the "motions[] combined with the affidavits" do not "prove[]" the Defendants' "liability" on their face. (*See* doc. 18 at 1, para. 1). "Indeed, a default is not 'an absolute confession by the defendant of his liability and of the plaintiff's right to recover,' but is instead merely 'an admission of the facts cited in the [c]omplaint, which by themselves may or may not be sufficient to establish a defendant's liability.'" *Atl. Recording Corp. v. Carter*, 508 F. Supp. 2d 1019, 1023 (S.D. Ala. 2007) (quoting *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004)). Therefore, the Defendants' failure to appear and an entry of default by the Clerk of the Court "do not automatically entitle [the] [P]laintiffs to a default judgment." *Id.*

"It is not the Court's role to determine which of the allegations in the [c]omplaint satisfy the elements of the claims." *Schatz*, 2024 WL 4728373 at *1. It is the Plaintiffs' role. *See id.* As explained above, the Plaintiffs have not explained how their allegations satisfy the elements of their claims. Accordingly, the Plaintiffs' motions for default judgment are due to be denied without prejudice.

5

**B.      Motion for Scheduling Conference**

The Plaintiffs' motion for scheduling conference notes that "in the event there are additional matters the Court must address before it can enter judgment, [the] Plaintiffs request a scheduling conference to discuss those matters." (Doc. 18 at 1–2, para. 2).  This Memorandum Opinion and Order outlines the deficiencies in the Plaintiffs' submissions. *See* discussion *infra* Section V.  Thus, the Court finds that a scheduling conference is unnecessary. *See, e.g.*, *Triton Renovation, Inc. v. Empire Indem. Ins. Co.*, 2022 WL 22866570, at *2 (M.D. Fla. Dec. 9, 2022) ("Having resolved all the pending issues through this order, the court sees no reason to hold a status conference.").

The Plaintiffs also contend that "time is of the essence" and that "one or more of the Defendants is in the process of disposing of assets, which could make post-resolution collection efforts more difficult." (Doc. 18 at 2, para. 3).  To the extent the Plaintiffs seek emergency relief, they must file a separate motion with proper citation to legal authority in support of the relief sought.  For the reasons stated above, the Plaintiffs' motion for scheduling conference is due to be denied without prejudice.

## V. CONCLUSION

Accordingly, and for good cause, it is

ORDERED as follows:

1.      The Plaintiffs' motions for default judgment (docs. 16, 17) are DENIED without prejudice with leave to refile.

2.      If the Plaintiffs intend to move for default judgment, they shall do so **on or before July 13, 2026**.  Any such motion shall be filed as one document and specifically

address:  (1) upon which claims default judgment is sought; (2) the applicable substantive law supporting *each* claim (as to *each* defendant); (3) the elements under which default judgment is sought; (4) the specific, well-pleaded facts in the complaint that satisfy each element; (5) the connection of any requested damages (including costs, attorney fees, and interest) or other relief to specific claims; (6) the authority supporting those damages or other relief; and (7) the evidence in support of its damages figures or calculations.

3.    The Plaintiffs' motion for scheduling conference (doc. 18) is DENIED without prejudice.

DONE this 15th day of June, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE